## JESSE WOODEN v. STATE.

No. A-5348.   Opinion Filed May 8, 1926.
(245 Pac. 910.)

Phillips, Douglas & Duling, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

BESSEY, P. J.   The plaintiff in error, Jesse Wooden, here referred to as the defendant, was charged with the murder of E. J. Friend. He was found guilty of manslaughter in the first degree, with his punishment fixed at imprisonment in the state penitentiary for a term of four years.

In this case the stage was well set for a homicide. E. J. Friend, the man who lost his life, was a deputy sheriff; actively assisting his father-in-law, Cad Clifton, in the manufacture of whisky in the nighttime, at a creek in a canyon surrounded by trees and underbrush.   On the night of the tragedy a passing neighbor saw the fire at the still, and detected the characteristic odor of cooking mash.   He reported his discovery to the defendant, who was also a deputy sheriff, whereupon the defendant arranged with three neighbors to assist him in capturing the still and those operating it.   Three of the four men armed themselves with shotguns, and the fourth had a .45 pistol.   It was agreed that one would station himself

south of the still; another take a position to the north; another to the west; and the fourth to the east. At a given signal all were to close in for the purpose of seizing the still and those running it.

In an endeavor to locate themselves as agreed upon, some misunderstanding or confusion arose. The signal to be given by one for the others to approach was not given, or, if given, was not understood, so that all four men remained in hiding under cover, in sight of the still until after midnight, when one of them fired a shot, which was followed by two other shots. Then it was that all six of the men, including the deceased and his father-in-law, ran in different directions through the underbrush in more or less confusion. E. J. Friend, the deceased, ran near the defendant, who says he recognized him, and commanded him to halt. If such command was given, Friend gave no heed to it, but continued his flight, passing within a few feet of the defendant. The defendant says that Friend had a pistol, and was preparing to shoot at the defendant, when he shot Friend at close range. The shots from the gun so fired penetrated the body of Friend, entering at the side of the back near the shoulder blade, passing into the vital organs, and causing almost instant death.

There is evidence tending to show that the deceased and his father-in-law were suspicious of one another, and that, when the shooting began, both were panic-stricken, and fled from the still in different directions. Likewise there was confusion among the members of the posse, so that in the darkness and underbrush none could tell who was friend and who foe.

The defendant and one of his witnesses claim that the deceased had a pistol, and that the fatal shot was fired in self-defense. The jury were justified in rejecting this theory from the facts shown, particularly since the

deceased was shot in the back,—or nearly so,—at close range. Primarily, it is difficult to determine whether the defendant or the deceased was more at fault. For a deputy sheriff, charged with the enforcement of the law, secretly to engage in the violation of law and protect others in law violation is despicable; but, even so, that is not sufficient justification for another deputy sheriff to shoot him in the back.

Instructions numbered 18 and 20, defining mutual combat and provoking the difficulty, should have been omitted, because the evidence did not raise either of these issues; but the giving of these instructions, under the circumstances, was harmless.

Instruction No. 23 might have been more aptly worded, but this instruction as given, considered together with the other instructions, was not misleading, and did not shift the burden of proof or deprive the defendant of the benefit of any reasonable doubt.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.